UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COLD STONE CREAMERY,
INC., AND COLD STONE
CREAMERY LEASING
COMPANY, INC.,
      Petitioners,

v.                                Case No.: 4:07-CV-00303-FH-WCS

LENORA FOODS I, LLC,
LENORA FOODS II, LLC.,
LENORA FOODS III, LLC,
CECIL D. ROLLE, AND
JACQUETTE ROLLE,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO
## FIRST AMENDED VERIFIED COMPLAINT
## FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Defendants LENORA FOODS I, LLC, LENORA FOODS II,

LLC., LENORA FOODS III, LLC, CECIL D. ROLLE, and JACQUETTE ROLLE, by and

through the undersigned counsel, and responds to Plaintiff's First Amended Verified

Complaint for Injunctive Relief and Damages, and in support thereof states as follows:

      1.      Admitted.

      2.      Admitted.

      3.      Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted that defendant Cecil Rolle is a citizen of the State of Florida and is not a member of the United States military; denied that Defendant Cecil Rolle resides in Tallahassee, Florida.

7.    Admitted that defendant Jacquatte Rolle is a citizen of the State of Florida and is not a member of the United States military; denied that Defendant Jacquatte Rolle resides in Tallahassee, Florida.

8.    Admitted for jurisdictional purposes only; denied that any relief is appropriate.

9.    Admitted for jurisdictional purposes only; denied that any relief is appropriate.

10.    Without knowledge.

11.    Without knowledge.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Cold Stone Creamery Marks

12.    Without knowledge.

13.    Without knowledge.

14.    Without knowledge.

15.    Without knowledge.

2

16.    Without knowledge.

17.    Without knowledge.

18.    Without knowledge.

19.    Admitted that through its franchise system, Cold Stone Creamery allows

       its franchisees to utilize the Cold Stone Creamery marks and provide

       certain services to its franchisees; the reminder of paragraph 19 is

       denied.

20.    Without knowledge and therefore denied.

21.    Without knowledge and therefore denied.

<u>The Franchise Agreements</u>

The FSU Campus Store

22.    Admitted.

23.    Denied.

24.    Denied.

The Ocala Store

25.    Admitted.

26.    Denied.

27.    Denied.

The Tallahassee Mall Store

28.    Admitted.

29.    Denied.

30.     Denied.

31.     The documents speak for themselves.

32.     Admitted.

33.     Denied.

34.     The documents speak for themselves.

35.     The documents speak for themselves.

36.     Admitted.

37.     The document speak for itself.

38.     The document speaks for itself.

39.     Admitted.

<u>The Subleases</u>

The Ocala and Tallahassee Mall Sub-Lease

40.     Admitted.

41.     Admitted.

42.     Denied.

43.      The document speaks for itself.

44.      The document speaks for itself.

45.      Admitted.

46.      Denied.  The tenant has been evicted.

The FSU Campus Store Sublease

47.    Without knowledge and therefore denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Without knowledge and therefore denied.

Defaults and Termination of the Franchise Agreements

52.    Denied.

53.    Admitted that documents were sent indicating notice to some
Defendants of default; denied that the Defendants were in default.

54.    Admitted that the document was sent; the document speaks for itself.

55.    Denied.

56.    Denied as to all.

Termination of the Subleases for the Ocala Store and the Tallahassee Mall Store

57.    The document speaks for itself.

58.    The document speaks for itself; denied that the Defendants were
"notified" on or about January 3, 2007.

59.    Denied.

60.    The documents speak for themselves; the content and allegations
therein are denied.

61.    Admitted that the Defendants have continued to operate each of the
three locations consistent with the Franchise Agreements; the remainder

5

of paragraph 61 is denied and Defendants have been dispossessed of the Ocala Store and Tallahassee Mall store and therefore no longer operate those locations as alleged.

62.    Without knowledge and therefore denied.

63.    Denied.

64.    The document speaks for itself.

65.    Denied.

66.    Default and termination are denied; otherwise admitted.

67.    Admitted that the individual Defendants, who have a Lease which does not reference or include Cold Stone Leasing, have advised Plaintiffs not to contact their Lessor; upon information and belief, Plaintiffs have nevertheless made contact with the Lessor; the remainder of this paragraph is denied.

Amounts due and owing to Cold Stone Creamery and to Cold Stone Leasing

68.    Denied as to the first sentence; Admitted as to the second sentence; and without knowledge and therefore denied as to the third sentence.

69.    The document speaks for itself.

70.    Admitted rent has been withheld but denied it is inexplicable; otherwise this paragraph is denied.

6

## CLAIMS FOR RELIEF

### COUNT ONE
### Federal Trademark Infringement
### (As to All Defendants)

71.    All previous responses are realleged.

72.    Admitted for jurisdictional purposes only; denied that Plaintiffs are entitled to relief under this provision.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

### COUNT TWO

### False Designation of Origin
### (As to All Defendants)

78.    All previous responses are realleged.

79.    Admitted for jurisdictional purposes only; denied that Plaintiffs are entitled to relief under the Act.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

7

84.    Denied.

## COUNT THREE

### Breach of Contract - Obligation to All Orderly Transition As to All Defendants)

85.    All previous responses are hereby realleged.

86.    Admitted for jurisdictional purposes only; denied that Plaintiffs are

entitled to relief under this provision.

87.    Denied.

88.    Admitted that no possession was allowed; denied Plaintiff had the right;

issue is moot for their allegation since Plaintiff has possession of the

Ocala and Tallahassee Mall stores.

89.    Denied.

90.    Denied.

91.    Denied.

## COUNT FOUR

### Breach of Contract - Trademark Removal (As to Corporate Defendants)

92.    All previous responses are hereby realleged.

93.    The document speaks for itself.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

## COUNT FIVE

### Breach of Contract - Failure to Pay Fees
### (As to Corporate Defendants)

98.    All previous responses are hereby Realleged.

99.    The document speaks for itself.

100.    The document speaks for itself.

101.    Admitted some payments not been made; remainder denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

## COUNT SIX

### Suit on Promissory Note (as to Lenora Foods II and Lenora Foods III)

106.    All previous responses are hereby realleged.

107.    Denied.

108.    Denied.

109.    Unknown and therefore denied.

110.    Denied.

## COUNT SEVEN

### Breach of Guaranty (as to Jacquatte Rolle, individually)

111.    All previous responses are hereby realleged.

112.    Denied.

113.    The document speaks for itself.

114.    Denied.

## COUNT EIGHT

### Breach of Contract - Under reporting Sales/nonpayment of Royalty and Fees; Demand for Accounting (As to All Defendants)

115.    All previous responses are hereby realleged.

116.    Denied.

117.    Denied.

118.    Denied.

## COUNT NINE

### Breach of Contract -Post-Termination Restrictive Covenants (As to All Defendants)

119.    All previous responses are hereby realleged.

120.    Denied.

121.    Denied.

122.    Denied.

## COUNT TEN

### Violation of the Florida Trade Secrets Act
### (As to All Defendants)

123.    All previous responses are hereby realleged.

124.    Admitted.

125.    Without knowledge and therefore denied.

126.    Without knowledge and therefore denied as to all parts.

127.    The document and Statute speak for themselves.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## COUNT ELEVEN

### Breach of Guarantees - Franchise Agreements
### (As to All Defendants)

132.    All previous responses are hereby realleged.

133.    Denied.

134.    Deny any obligation exists.

135.    Deny any obligation exists.

136.    Denied.

## COUNT TWELVE

### Breach of the Ocala Sublease and the Tallahassee Mall Sublease
### (As to All Defendants)

137.   All previous responses are hereby realleged.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.


## COUNT THIRTEEN

### Eviction - Summary Procedure
### (As to All Defendants)

143.   All previous responses are hereby realleged.

144.   Denied; Plaintiffs currently have possession.

145.   Denied.

146.   Statute speaks for itself.

147.   Statute speaks for itself.

148.   Denied.

Wherefore, Defendants as to all counts alleged demands this Court to deny all claims

by the Plaintiffs and issue a judgment for the Defendant, require the Plaintiffs to pay the

attorney's fees of the Defendants pursuant to the contracts and law, pay Defendants costs and such further relief as this Court deems necessary and proper for substantial justice.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendant Cecil D. Rolle, individually, in that Defendant Cecil D. Rolle is neither a party to any of the agreements attached to the Complaint nor an owner of Lenora Foods I, LLC, or Lenora Foods II, LLC, or Lenora Foods III, LLC, as referenced by the documents attached to Plaintiff's Complaint.

2.  Plaintiffs have sued Defendants Cecil D. Rolle and Jacquatte Rolle under the terms of an Agreement to be Bound and to Guarantee, which on its face, reflects that the Guarantors are the limited liability companies, and not the Rolles, individually. The documents, on their face, reflect no individual liability on behalf of the Roles, and are not signed by the Rolles in their individual capacities.

3.  Plaintiffs' claims should be barred, estopped, waived in part by the doctrine of unclean hands as detailed in paragraphs 8 through 42 of the Counterclaim.

13

4.    Plaintiffs' claims should be barred, estopped, waived in part by Cold Stone's own fraudulent conduct as detailed in paragraphs 8 through 42 of the Counterclaim.

5.    Plaintiffs' claims should be barred, estopped, waived in part as detailed in paragraphs 8 through 42 of the Counterclaim.

6.    Plaintiffs' claims should be barred, estopped, waived in part by the doctrine of illegality as detailed in paragraphs 8 through 42 of Counterclaim.

7.    As detailed in paragraphs 8 through 42 of Counterclaim, Plaintiffs' claims should be barred, estopped, waived in part, based on Cold Stone's unlawful misrepresentations of the prospects for success of its franchises in derogation of section 817.416, Florida Statutes, which conduct further constitutes a criminal law violation under the laws of the State of Florida.

8.    Plaintiffs have authorized Defendants to continue to use the Cold Stone Creamery Marks by continuing to supply Defendants with products and continuing to accept royalties from the sales of such products, and thus modified, withdrew, waived or otherwise changed the terms of the purported termination.

14

9.    Plaintiffs knowingly orchestrated the purported breach as detailed in paragraphs 8 through 42 of Counterclaim.

10.   Plaintiffs knowingly misrepresented that Cold Stone is owed monies under the franchise agreements and sought to use same as a basis to terminate the franchise agreements when such monies fall outside the franchise agreements. Plaintiffs have also failed to attached the applicable agreements. Further, to the extent Cold Stone claims entitlement to royalties from the Tallahassee Mall Store, Cold Store is solely responsible for the delay in automatic reporting as detailed in paragraphs 8 through 42 of Counterclaim.

For the foregoing reasons, Plaintiffs' Complaint should be dismissed, Defendants should be awarded attorneys fees and such further relief as this Court deems just and proper.

                                    /s/ Charles P. Young
                                    Charles P. Young
                                    Florida Bar No. 108741
                                    Of Emmanuel, Sheppard & Condon
                                    30 South Spring Street
                                    P. O. Drawer 1271
                                    Pensacola, Florida 32596
                                    850-433-6581
                                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to Lorence John Bielby, Esquire, and John K. Londot, Esquire, of Greenberg Traurig, P.A., at P.O. Drawer 1838, Tallahassee, FL 32302, via electronic transfer, on this 27th day of November, 2007.

/s/ Charles P. Young
Charles P. Young
Florida Bar No. 108741

16