UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COLD STONE CREAMERY, INC.,
an Arizona corporation; and
COLD STONE CREAMERY LEASING
COMPANY, INC.,
an Arizona corporation,

    Plaintiffs,

v.

LENORA FOODS, I, LLC,
a Florida limited liability company;
LENORA FOODS II, LLC,
a Florida limited liability company;
LENORA FOODS, III, LLC,
a Florida limited liability company;
CECIL D. ROLLE, individually; and
JACQUETTE ROLLE, individually,

    Defendants.

Case No. 4:07-cv-303-RH/WCS
Florida Bar No. 0393517

---

### AFFIDAVIT OF P. BRUCE CULPEPPER, ESQ.
### RE: ATTORNEYS' FEES

---

STATE OF FLORIDA
COUNTY OF LEON

    BEFORE ME, the undersigned authority, this day personally appeared Bruce Culpepper, who, being first duly sworn upon oath deposes and states as follows:

    1.    I am an attorney at law licensed to practice in the State of Florida. I have been admitted to practice before the United States District Court, Northern District of Florida. I became a member of the Florida Bar in 1966 and have continued to practice in the legal areas involving business disputes and litigation continually for over 43 yaers. I am also admitted to practice law before the United States District Court for the Middle

District of Florida and the United States Eleventh Circuit Court of Appeals. I am a shareholder in the law firm of Akerman, Senterfitt. My professional vita is as follows:

**Practice Areas**
Litigation, Insurance
Banking and Lending, Local Government

**Industry Experience**
Banking and Financial Institutions, Insurance

**Awards & Recognition**
- AV rated by Martindale Hubbell
- Certified Civil Mediator
- Selected as "Super Lawyer" in the litigation field 2007, 2008
- Recognized by *Corporate Counsel Magazine* as a "Top Lawyer"
- Ranked #1 in *Chambers USA: America's Leading Lawyers for Business* for Florida Insurance Law in 2007
- Listed in *The Best Lawyers in America* 2007, 2008 for Insurance Law

**Notable Client Work**
- Florida Bank Holding Company Association
- State of Florida, Office of the Attorney General, Department of Legal Affairs v. Commerce Commercial Leasing, et al., (1 Dist. 2007)
- L. Bernarr Kelly, Carol Kelly, and Lowell B. Kelly v. The Okaloosa-Walton Community College Foundation (1 Dist. 2005)
- Amelia Island Plantation Community Association, Inc. v. City of Gulf Breeze, Florida, City of Milton, FL and Florida Water Services Authority, (Santa Rosa County, First Circuit, Case No. 02-860-CA)

**Bar Admissions**
Florida

**Court Admissions**
U.S. Supreme Court
U.S. District Court, Northern District of Florida
U.S. District Court, Middle District of Florida
U.S. Court of Appeals, Eleventh Circuit

2. It is my understanding the Court ruled on October 7, 2008 that Cold Stone Creamery, Inc. ("Cold Stone Creamery") is entitled to an award of attorneys' fees pursuant to the three Franchise Agreements and the Note, Guaranty, Loan and Security Agreement dated February 28, 2006 (the "Note") at issue in the above-styled matter.

3. Greenberg Traurig, P.A. ("Greenberg Traurig") represents Plaintiff Cold Stone Creamery. I have been asked by Cold Stone Creamery to review Greenberg Traurig's fees with respect to the requirements of the Court's October 7, 2008 Order and Northern District of Florida Local Rule 54.1(E)(2).

4. I have reviewed Greenberg Traurig's invoices, and took an opportunity to review the working files at Greenberg Traurig's Tallahassee, Florida office. The total amount of attorneys' fees incurred by Cold Stone Creamery and submitted through the monthly Notices of Filing before the Northern District of Florida is $392,017.25, through June 30, 2009.

5. In my opinion the requested rate for hourly compensation, as well as the hours expended by Greenberg Traurig, P.A. in the prosecution and defense of this matter, are reasonable in light of the circumstances presented in this litigation, which entailed three individual franchised stores in two different Florida counties (and accompanying state court summary eviction actions), the defense against an attack on the Cold Stone Creamery national franchise system, numerous witnesses identified by Defendants, multiple hearings for preliminary injunctive relief, multiple hearings for summary judgment, and an eventual jury trial, resulting in success for Cold Stone Creamery in both the trial and the appellate courts. Reviewing Greenberg Traurig's files reveals that the counter-plaintiffs solicited numerous people to become witnesses in the suit, join in his

suit, or bring copycat suits, and that counter-plaintiffs commented on the suit in the national media. In sum, the counter-plaintiffs caused Cold Stone Creamery and its attorneys to spend significant resources not only to pursue Cold Stone Creamery's claims but also to defend against counter-plaintiffs' claims.

6. In my opinion the requested rate for hourly compensation is reasonable particularly because the counter-plaintiffs brought allegations involving complex issues of federal franchise and antitrust laws, the Florida Franchise Act, the Florida Deceptive and Unfair Trade Practices Act, and the Florida UCC, along with the common law tort claims.

7. The hourly rates charged by the attorneys and the non-attorneys of Greenberg Traurig in this matter are reasonable and customary for litigation of this nature in this judicial district. The fees billed by the attorneys and non-attorneys are within the standard fee range customarily charged by the firm and in the area.

8. In my opinion the total amount of fees requested is also reasonable in light of the twelve "*Johnson*" factors to be considered in determining reasonableness:: (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

4

9. In my opinion the total amount of fees requested is also reasonable in light of the eight factors outlined in Rule 4-1.5(b) of the Florida Rules of Professional Conduct.

**FURTHER, AFFIANT SAYETH NAUGHT.**

*/s/ Bruce Culpepper*
P. BRUCE CULPEPPER, ESQ.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing Affidavit was sworn before me this 29th day of July, 2009, by Bruce Culpepper, who is personally known to me and did take an oath.

NOTARY PUBLIC

*/s/ Mary Theresa DeLeo*
Name: Mary Theresa DeLeo
State of Florida, At Large
My Commission Expires:
(SEAL)

Mary Theresa DeLeo
Commission DD 708462
Expires September 30, 2011
Bonded Thru Troy Fain Insurance 800-385-7019