IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COLD STONE CREAMERY, INC.,
et al.,

      Plaintiffs,

v.                                          CASE NO.  4:07cv303-RH/WCS

LENORA FOODS, I, LLC, et al.,

      Defendants.

_____/

**ORDER GIVING NOTICE OF INTENT TO ASSUME — UNLESS
THE DEFENDANTS MAKE THE FILING REQUIRED BY
LOCAL RULE 54.1 — THAT THEY AGREE WITH
THE AMOUNT OF THE PLAINTIFF'S FEE CLAIM**

     This district's two-stage procedure for addressing a request for an attorney's fee award is set out in Local Rule 54.1.  In accordance with that rule, an order was entered on October 7, 2008, determining that the plaintiff Cold Stone Creamery, Inc., which had prevailed in this case on the merits, was entitled to a fee award against the defendants Lenora Foods II, LLC; Lenora Foods III, LLC; and Jacquatte Rolle.  (Document 204.)  An order was entered on October 22, 2008, staying further proceedings to determine the amount of the fee award until the Eleventh Circuit ruled on the defendants' appeal of the underlying judgment.  (Document 211.)  Under the October 22 order, the deadline for the plaintiff to file

and serve the affidavits required by Local Rule 54.1(E) was 30 days after issuance of the Eleventh Circuit's mandate dismissing the appeal or affirming the judgment.

The Eleventh Circuit issued its mandate affirming the judgment on July 2, 2009. (Document 248.) The plaintiff filed its affidavits on July 30, 2009. (Document 254.) The deadline for the affected defendants to file the materials required by Local Rule 54.1(E)(4) thus was August 17, 2009—the first business day at least 17 days after July 30. The period was 17 days because the rule requires the filing within 14 days after the plaintiff's affidavits are served and three days are added because the affidavits were served electronically. The defendants did not make the required filing.

The Local Rule required the defendants' filing to indicate whether the defendants disagreed with the amount claimed by the plaintiff and, if they did, to indicate the objectionable hours or rates and the amount deemed acceptable. If the defendants do not make the required filing by September 15, 2009, it will be assumed that the defendants agree that the hours and rates listed by the plaintiff are reasonable and that the defendants object only to the plaintiff's entitlement to recover fees at all—not to the *amount* the plaintiff claims.

SO ORDERED on August 31, 2009.

s/Robert L. Hinkle<br>United States District Judge

*Case No: 4:07cv303-RH/WCS*